1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                   EASTERN DISTRICT OF CALIFORNIA

10

11  JACK E. WHATLEY                    No. 2:11-cv-02901-MCE-GGH

12        Plaintiff,

13     v.                             <u>MEMORANDUM AND ORDER</u>

14  BANK OF AMERICA, N.A.,
    et al.,
15
          Defendants.
16

17                       ----oo0oo----

18

19     Plaintiff Jack E. Whatley ("Plaintiff") initiated this

20  action seeking damages and injunctive relief against Defendants

21  Bank of America, N.A. ("BofA"), BAC Home Loans Servicing, LP

22  ("BAC"), U.S. Bank National Association, as Trustee for the

23  benefit of Harborview 2005-2 Trust Fund, and Mortgage Electronic

24  Registration Systems, Inc., (collectively "Defendants") as a

25  result of Defendants' conduct arising out of a loan issued to

26  Plaintiff in connection with the purchase of his residence.

27  ///

28  ///

                               1

1  Presently before the Court is Defendants' Motion to Dismiss

2  ("Motion") Plaintiff's Complaint in its entirety.  For the

3  reasons set forth below, Defendants' Motion is GRANTED.[1]

4

5                        **BACKGROUND**[2]

6

7       In approximately February of 2005, Plaintiff obtained a

8  $560,000 loan to purchase a piece of residential property.

9  Defendants' Request for Judicial Notice ("RJN"), Exh. 1.[3]

10  Plaintiff executed a promissory note and Deed of Trust ("DOT") in

11  connection with that loan.  Id., Exhs. 1, 2.  Defendants BofA and

12  BAC were, at all relevant times, the loan servicers.

13       Plaintiff alleges that, a few years after origination of the

14  loan, in approximately January of 2009, he contacted BofA by

15  telephone via the entity's customer service number and that the

16  BofA representative with whom he spoke indicated Plaintiff "was

17  not far enough behind [on his mortgage payments] to qualify for a

18  loan modification."  Complaint, ¶ 20.

19  ///

20

21  _____

22       [1] Because oral argument will not be of material assistance,
    the Court ordered this matter submitted on the briefing.  E.D.
23  Cal. Local Rule 78-230(h).

24       [2] Unless otherwise stated, the following facts are derived,
    at times verbatim, from Plaintiff's Complaint.

25       [3] To the extent documents submitted by Defendants via their
    RJN are relied on within this Order, that Request is GRANTED.
26  See Branch v. Tunnell, 14 F.3d 449, 454 (9th Cir. 1994)
    ("[D]ocuments whose contents are alleged in a complaint and whose
27  authenticity no party questions, but which are not physically
    attached to the pleading, may be considered in ruling on a Rule
28  12(b)(6) motion to dismiss.").

That representative purportedly advised Plaintiff that once he was far enough behind on his payments, he would qualify. According to Plaintiff, he was also told by someone "that he would receive a modification if he became seriously delinquent and that BofA would give him a modification" because BofA would then receive related subsidies from the government.  Id., ¶ 55. As a result, Plaintiff stopped making his mortgage payments.

Over the next nine months, Plaintiff was repeatedly advised by BofA that he was not far enough behind on his mortgage payments to apply for a loan modification.  Plaintiff was further advised that he should continue calling back to inquire as to whether he was sufficiently behind in making his payments so that he could apply for the sought-after modification.  Eventually, Plaintiff received a letter from BofA stating he was pre-approved for a modification pursuant to the Home Affordable Modification Program.  Plaintiff thereafter submitted and re-submitted multiple application packages and requested documents.  Plaintiff was subsequently advised his modification was being processed, but, ultimately, he was notified that, to the contrary, his application had been closed and his property was going to be sold at a trustee's sale.

Plaintiff thus initiated this action in Sacramento County Superior Court alleging causes of action against all Defendants for: 1) deceit; 2) promissory estoppel; 3) wrongful foreclosure; and 4) violation of California's Unfair Competition Law, Business and Professions Code §§ 17200, et seq. ("UCL").

///

///

Defendants thereafter removed the action to this Court and filed the instant Motion to Dismiss.  For the following reasons, Defendants' Motion is GRANTED with leave to amend.

## STANDARD

On a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6),[4] all allegations of material fact must be accepted as true and construed in the light most favorable to the nonmoving party.  Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 337-38 (9th Cir. 1996).  Rule 8(a)(2) "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the...claim is and the grounds upon which it rests.'"  Bell. Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  A complaint attacked by a Rule 12(b)(6) motion to dismiss does not require detailed factual allegations.  Id.  However, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  Id.  (internal citations and quotations omitted).  A court is not required to accept as true a "legal conclusion couched as a factual allegation."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 555).

///

---

[4] All further references to "Rule" or "Rules" are to the Federal Rules of Civil Procedure unless otherwise noted.

The Court also is not required "to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences."  In re Gilead Sciences Sec. Litig., 536 F.3d 1049, 1055 (9th Cir. 2008) (internal citations and quotations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555.

Furthermore, "Rule 8(a)(2)...requires a 'showing,' rather than a blanket assertion, of entitlement to relief." Twombly, 550 U.S. at 556 n.3 (internal citations and quotations omitted). "Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirements of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests." Id. (citation omitted).  A pleading must contain "only enough facts to state a claim to relief that is plausible on its face." Id. at 570.  If the "plaintiffs...have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." Id.  However, "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'" Id. at 556 (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)).

Under Rule 9(b), however, a party alleging fraud or intentional misrepresentation must satisfy a heightened pleading standard by stating with particularity the circumstances constituting fraud.  Fed. R. Civ. P. 9(b).  Specifically, "[a]verments of fraud must be accompanied by 'the who, what, when, where, and how' of the misconduct charged."

1  Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1106 (9th Cir. 2003)

2  (quoting Cooper v. Pickett, 137 F.3d 616, 627 (9th Cir. 1997)).

3  Further, "a plaintiff must set forth more than the neutral facts

4  necessary to identify the transaction.  The plaintiff must set

5  forth what is false or misleading about a statement, and why it

6  is false."  Id. (quoting Decker v. GlenFed, Inc., 42 F.3d 1541,

7  1548 (9th Cir. 1994).

8      A court granting a motion to dismiss a complaint must then

9  decide whether to grant a leave to amend.  Leave to amend should

10 be "freely given" where there is no "undue delay, bad faith or

11 dilatory motive on the part of the movant,...undue prejudice to

12 the opposing party by virtue of allowance of the amendment, [or]

13 futility of the amendment...."  Foman v. Davis, 371 U.S. 178, 182

14 (1962); Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048,

15 1052 (9th Cir. 2003) (listing the Foman factors as those to be

16 considered when deciding whether to grant leave to amend).

17 Dismissal without leave to amend is proper only if it is clear

18 that "the complaint could not be saved by any amendment."  Intri-

19 Plex Techs., Inc. v. Crest Group, Inc., 499 F.3d 1048, 1056 (9th

20 Cir. 2007) (internal citations and quotations omitted).

21 ///

22 ///

23 ///

24 ///

25 ///

26 ///

27 ///

28 ///

6

**ANALYSIS**

**A.    Defendants' Motion to Dismiss Plaintiff's First Cause of Action for Deceit.**

Plaintiff contends in his first cause of action that Defendants BofA and BAC fraudulently induced him to fall behind in making his mortgage payments "because they wanted Plaintiff to become seriously delinquent on his mortgage so that Plaintiff could not retain his home through bankruptcy protection and because Defendants wanted to receive...money from the federal government for managing the 'troubled asset.'"  Complaint, ¶ 66.[5] "The elements of fraud, which gives rise to the tort action for deceit, are (a) misrepresentation (false representation, concealment, or nondisclosure); (b) knowledge of falsity (or 'scienter'); (c) intent to defraud, _i.e._, to induce reliance; (d) justifiable reliance; and (e) resulting damage." <u>Lazar v. Superior Court</u>, 12 Cal. 4th 631, 638 (1996) (internal quotations and citations omitted).  This cause of action must be pled with the particularity required by Rule 9(b), meaning Plaintiff is required to plead "the 'who, what, when, where, and how' of the misconduct charged." <u>Vess</u>, 317 F.3d at 1106.  Plaintiff has wholly failed to do so here.

///

///

_____

[5] The Court is cognizant that Plaintiff vacillates throughout the Complaint between alleging BofA advised him he must be "seriously delinquent" or just "delinquent" in his payments.  <u>Compare</u> Complaint, ¶ 66, <u>with</u> <u>id.</u>, ¶ 48.  This distinction makes no difference in the Court's disposition of any aspect of Defendants' Motion.

1    First, the only allegations Plaintiff has pled with any

2  detail are those as to the statements made on some undisclosed

3  date by some unnamed BofA representative indicating that

4  Plaintiff "would qualify" for a modification if he became

5  delinquent in making his mortgage payments.  Not only are these

6  allegations lacking the requisite particularity under Rule 9(b),

7  there is also no indication in the Complaint that these

8  statements were false.  Indeed, the Complaint makes clear that

9  Plaintiff would not qualify for a modification if his payments

10  were timely and that to even be considered for a modification his

11  payments needed to be in arrears.  Plaintiff's further assertions

12  that someone at BofA told him he "would receive" a modification

13  so that Defendants could capitalize on available government

14  funding is even more sparsely pled.  Accordingly, given the lack

15  of particularity supporting Plaintiff's allegations of fraud,

16  Defendants' Motion to Dismiss Plaintiff's first cause of action

17  is GRANTED with leave to amend.

18

19    **B.    Defendants' Motion to Dismiss Plaintiff's Second Cause**
         **of Action for Promissory Estoppel.**

20

21    Plaintiff's second cause of action for promissory estoppel

22  is based on the premise that Defendants promised him a loan

23  modification and that he relied on this promise to his detriment.

24  To properly allege a cause of action for promissory estoppel,

25  Plaintiff must adequately plead:

26  ///

27  ///

28  ///

"(1) a promise that is clear and unambiguous in its terms;
(2) reliance by the party to whom the promise is made; (3) the
reliance must be reasonable and foreseeable; and (4) the party
asserting the estoppel must be injured by his or her reliance."
Boon Rawd Trading Intern. Co., Ltd. v. Paleewong Trading Co.,
Inc., 688 F. Supp. 2d 940, 953 (N.D. Cal. 2010).  As pled,
Plaintiff's instant claim is flawed for multiple reasons, though
the Court need address only one here.  More specifically,
Plaintiff's only allegation that he "would receive" some sort of
modification is connected to the requirement that Plaintiff
become "seriously delinquent" or "delinquent" in making his
mortgage payments.  These vague delinquency requirements render
any purported modification promise neither clear nor unambiguous.
Moreover, Plaintiff alleges no facts as to who promised Plaintiff
a modification and when such a promise was made.  Plaintiff's
promissory estoppel claim thus fails at the threshold requirement
that a clear and unambiguous promise be alleged.  See Melegrito
v. CitiMortgage Inc., 2011 WL 2197534, *13 (N.D. Cal.)
(allegations that some unspecified individual agreed to modify a
plaintiff's loan on unspecified terms at an unspecified point in
the future insufficient to state a cause of action for promissory
estoppel); see also Dooms v. Federal Home Loan Mortg. Corp.,
2011 WL 1232989, *10 (E.D. Cal.).  Accordingly, Defendants'
Motion to Dismiss Plaintiff's second cause of action is GRANTED
with leave to amend.

///

///

///

9

**C.   Defendants' Motion to Dismiss Plaintiff's Third Cause of Action for Wrongful Foreclosure.**

Defendants move to dismiss Plaintiff's third cause of action for wrongful foreclosure on the basis that, among other things, Plaintiff failed to allege an unconditional offer to tender the amount of the secured indebtedness.  "A valid and viable tender of payment of the indebtedness owing is essential to an action to cancel a voidable sale under a deed of trust."  Karlsen v. Am. Sav. & Loan Ass'n, 15 Cal. App. 3d 112, 117 (1971).  A plaintiff must "tender the obligation in full as a prerequisite to challenge of the foreclosure sale."  U.S. Cold Storage v. Great W. Sav. & Loan Ass'n, 165 Cal. App. 3d 1214, 1222 (1985). Indeed, "[i]t would be futile to set aside a foreclosure sale on [] technical ground[s], if the party making the challenge did not first make full tender and thereby establish his ability to purchase the property."  Id. at 1225.  "For an offer of tender to be valid, it must be unconditional."  Christopher v. First Franklin Financial Corp., 2010 WL 3895351, *3 (S.D. Cal.) (citing Karlsen, 15 Cal. App. 3d at 118-20).  Given the conditional manner in which Plaintiff has attempted to plead his ability to tender, Defendant's Motion is now GRANTED with leave to amend.

More specifically, Plaintiff alleges in the Complaint that he "unconditionally offers to tender to the extent required by law any amount due and owing after offset for damages for wrongful foreclosure on the Subject Property, to the true beneficiary under the deed of trust or holder of the note in due course."  Complaint, ¶ 97.

///

10

1    That "unconditional" promise is actually conditioned on a variety

2    of speculative findings as to who Plaintiff believes is owed his

3    payments and what damages Plaintiff believes he has sustained to

4    offset the amount owed.  That offer is thus insufficient to

5    survive the instant Motion.[6]  See Christopher, 2010 WL 3895351

6    (concluding that plaintiffs' allegation that they are "willing

7    and able to tender any amounts to the real and true owners of the

8    original promissory note upon proof that the note is in the

9    lawful possession of the true...owners and upon any credits paid

10   by insurance in the event of a default" was insufficient to

11   unconditionally allege a tender offer); see also Halajian v. Ndex

12   West, L.L.C., 2012 WL 1969131, *6-7 (E.D. Cal.); McFadden v.

13   Deutsche Bank Nat. Trust Co., 2011 WL 3606797, *14 (E.D. Cal.).

14   Defendant's Motion to Dismiss Plaintiff's third cause of action

15   is thus GRANTED with leave to amend.

16

17          **D.   Defendants' Motion to Dismiss Plaintiff's Fourth Cause
                of Action for Violation of California's UCL.**

18

19          Finally, Plaintiff failed to state a claim for violation of

20   California's UCL as well.  The UCL makes actionable "any

21   unlawful, unfair or fraudulent business act."  Cal. Bus & Prof.

22   Code § 17200.  "An act can be alleged to violate any or all of

23   the three prongs of the UCL-unlawful, unfair, or fraudulent."

24   ///

25

26          [6] In his Opposition, Plaintiff makes a variety of arguments
     as to why tender should be excused in his case.  Opp'n,
27   10:22-11:22.  None of these theories are supported by the facts
     as alleged in the Complaint.  Accordingly, Plaintiff's attempts
28   to evade the tender requirement are rejected.

1  <u>Berryman v. Merit Prop. Mgmt., Inc.</u>, 152 Cal. App. 4th 1544, 1554

2  (2007).  Causes of action arising out of the "unlawful" prong

3  "borrow[] violations of other laws and treat[] them as unlawful

4  practices that the unfair competition law makes independently

5  actionable."  <u>Cal-Tech Communications, Inc. v. Los Angeles</u>

6  <u>Cellular Tel. Co.</u>, 20 Cal. 4th 163, 180 (1999).  "A UCL claim

7  predicated on unfair business practices may be grounded upon a

8  violation of a statute or be a standalone claim based on an

9  alleged act that violates established public policy or if it is

10 immoral, unethical, oppressive, or unscrupulous and causes injury

11 to consumers which outweighs its benefits."  <u>Hovsepian v. Apple,</u>

12 <u>Inc.</u>, 2009 WL 5069144, *4 (N.D. Cal.) (internal citations and

13 quotations omitted).  "A claim based upon the fraud prong may be

14 brought based upon conduct akin to common-law fraud or an alleged

15 course of conduct that is likely to deceive the public."  <u>Id.</u>

16    To the extent Plaintiff's UCL claim is based on Defendants'

17 purportedly unlawful or fraudulent acts, it is entirely

18 derivative of Plaintiff's above causes of action and thus fails

19 for those reasons already stated.  Plaintiff nonetheless also

20 argues in Opposition that he has stated a claim under the UCL's

21 "unfair" prong because "Defendants deceived Plaintiff, like so

22 many others, by promising them that they would receive help with

23 their mortgages, including receiving a loan modification, if they

24 became delinquent."  Opp'n, 12:25-27.

25 ///

26 ///

27 ///

28 ///

12

1  Even assuming this argument is not encompassed within Plaintiff's
2  above causes of action, which it is, none of Plaintiff's
3  allegations are sufficient to point this Court to any "alleged
4  act that violates established public policy" or that "is immoral,
5  unethical, oppressive, or unscrupulous and causes injury to
6  consumers which outweighs its benefits." Hovsepian, 2009 WL
7  5069144, *4 (internal citations and quotations omitted); see also
8  Sosa v. Bank of New York Mellon Trust, 2012 WL 2568188, *3 (N.D.
9  Cal.).  Moreover, even if some of Plaintiff's allegations are
10 construed as supporting a violation of the UCL's unfairness
11 prong, none of those facts has been pled with nearly the
12 requisite particularity.  See Kearns v. Ford Motor Co., 567 F.3d
13 1120, 1124-25 (9th Cir. 2009) (applying Rule 9(b) to CLRA and UCL
14 claims predicated on alleged misrepresentations).  No other bases
15 for liability under the UCL have been alleged or argued by
16 Plaintiff.  As such, Defendants' Motion to Dismiss Plaintiff's
17 fourth cause of action is GRANTED with leave to amend.

18
19                            **CONCLUSION**
20
21      For the reasons stated above, Defendants' Motion to Dismiss
22 is GRANTED with leave to amend.  Not later than twenty (20) days
23 following the date this Memorandum and Order is electronically
24 filed, Plaintiff may (but is not required to) file an amended
25 complaint.
26 ///
27 ///
28 ///

                                  13

If no amended complaint is filed within said twenty (20)-day period, without further notice to the parties, the causes of action dismissed by virtue of this Memorandum and Order will be dismissed with prejudice.

IT IS SO ORDERED.

Dated: July 13, 2012

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE

14