1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                   EASTERN DISTRICT OF CALIFORNIA

10

11   JACK E. WHATLEY                    No. 2:11-cv-02901-MCE-GGH

12           Plaintiff,

13      v.                              <u>MEMORANDUM AND ORDER</u>

14   BANK OF AMERICA, N.A.,
     et al.,
15
             Defendants.
16

17                        ----oo0oo----

18

19       Plaintiff Jack E. Whatley ("Plaintiff") initiated this

20   action seeking damages and injunctive relief against Defendants

21   Bank of America, N.A. ("BofA"), BAC Home Loans Servicing, LP

22   ("BAC"), U.S. Bank National Association, as Trustee for the

23   benefit of Harborview 2005-2 Trust Fund, and Mortgage Electronic

24   Registration Systems, Inc., (collectively "Defendants") as a

25   result of Defendants' conduct arising out of a loan issued to

26   Plaintiff in connection with the purchase of his residence.

27   ///

28   ///

                                    1

1    Presently before the Court is Defendants' Motion to Dismiss

2    ("Motion") Plaintiff's Complaint in its entirety.  For the

3    reasons set forth below, Defendants' Motion is GRANTED.[1]

4

5                          **BACKGROUND**[2]

6

7        In approximately February of 2005, Plaintiff obtained a

8    $560,000 loan to purchase a piece of residential property.

9    Defendants' Request for Judicial Notice ("RJN"), Exh. 1.[3]

10   Plaintiff executed a promissory note and Deed of Trust ("DOT") in

11   connection with that loan.  Id., Exhs. 1, 2.  Defendants BofA and

12   BAC were, at all relevant times, the loan servicers.

13       Plaintiff alleges that, a few years after origination of the

14   loan, in approximately January of 2009, he contacted BofA by

15   telephone via the entity's customer service number and that the

16   BofA representative with whom he spoke indicated Plaintiff "was

17   not far enough behind [on his mortgage payments] to qualify for a

18   loan modification."  Complaint, ¶ 20.

19   ///

20

21   _____

22       [1] Because oral argument will not be of material assistance,
     the Court ordered this matter submitted on the briefing.  E.D.
23   Cal. Local Rule 78-230(h).

24       [2] Unless otherwise stated, the following facts are derived,
     at times verbatim, from Plaintiff's Complaint.

25       [3] To the extent documents submitted by Defendants via their
26   RJN are relied on within this Order, that Request is GRANTED.
     See Branch v. Tunnell, 14 F.3d 449, 454 (9th Cir. 1994)
27   ("[D]ocuments whose contents are alleged in a complaint and whose
     authenticity no party questions, but which are not physically
28   attached to the pleading, may be considered in ruling on a Rule
     12(b)(6) motion to dismiss.").

                                  2

1  That representative purportedly advised Plaintiff that once he

2  was far enough behind on his payments, he would qualify.

3  According to Plaintiff, he was also told by someone "that he

4  would receive a modification if he became seriously delinquent

5  and that BofA would give him a modification" because BofA would

6  then receive related subsidies from the government.  Id., ¶ 55.

7  As a result, Plaintiff stopped making his mortgage payments.

8      Over the next nine months, Plaintiff was repeatedly advised

9  by BofA that he was not far enough behind on his mortgage

10 payments to apply for a loan modification.  Plaintiff was further

11 advised that he should continue calling back to inquire as to

12 whether he was sufficiently behind in making his payments so that

13 he could apply for the sought-after modification.  Eventually,

14 Plaintiff received a letter from BofA stating he was pre-approved

15 for a modification pursuant to the Home Affordable Modification

16 Program.  Plaintiff thereafter submitted and re-submitted

17 multiple application packages and requested documents.  Plaintiff

18 was subsequently advised his modification was being processed,

19 but, ultimately, he was notified that, to the contrary, his

20 application had been closed and his property was going to be sold

21 at a trustee's sale.

22      Plaintiff thus initiated this action in Sacramento County

23 Superior Court alleging causes of action against all Defendants

24 for: 1) deceit; 2) promissory estoppel; 3) wrongful foreclosure;

25 and 4) violation of California's Unfair Competition Law, Business

26 and Professions Code §§ 17200, et seq. ("UCL").

27 ///

28 ///

1   Defendants thereafter removed the action to this Court and filed

2   the instant Motion to Dismiss.  For the following reasons,

3   Defendants' Motion is GRANTED with leave to amend.

4

5                              **STANDARD**

6

7         On a motion to dismiss for failure to state a claim under

8   Federal Rule of Civil Procedure 12(b)(6),[4] all allegations of

9   material fact must be accepted as true and construed in the light

10  most favorable to the nonmoving party.  Cahill v. Liberty Mut.

11  Ins. Co., 80 F.3d 336, 337-38 (9th Cir. 1996).  Rule 8(a)(2)

12  "requires only 'a short and plain statement of the claim showing

13  that the pleader is entitled to relief,' in order to 'give the

14  defendant fair notice of what the...claim is and the grounds upon

15  which it rests.'"  Bell. Atl. Corp. v. Twombly, 550 U.S. 544, 555

16  (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  A

17  complaint attacked by a Rule 12(b)(6) motion to dismiss does not

18  require detailed factual allegations.  Id.  However, "a

19  plaintiff's obligation to provide the grounds of his entitlement

20  to relief requires more than labels and conclusions, and a

21  formulaic recitation of the elements of a cause of action will

22  not do."  Id.  (internal citations and quotations omitted).  A

23  court is not required to accept as true a "legal conclusion

24  couched as a factual allegation."  Ashcroft v. Iqbal, 556 U.S.

25  662, 678 (2009) (quoting Twombly, 550 U.S. at 555).

26  ///

27  _____

28       [4] All further references to "Rule" or "Rules" are to the
    Federal Rules of Civil Procedure unless otherwise noted.

                                 4

The Court also is not required "to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." In re Gilead Sciences Sec. Litig., 536 F.3d 1049, 1055 (9th Cir. 2008) (internal citations and quotations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555.

Furthermore, "Rule 8(a)(2)...requires a 'showing,' rather than a blanket assertion, of entitlement to relief." Twombly, 550 U.S. at 556 n.3 (internal citations and quotations omitted). "Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirements of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests." Id. (citation omitted). A pleading must contain "only enough facts to state a claim to relief that is plausible on its face." Id. at 570. If the "plaintiffs...have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." Id. However, "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'" Id. at 556 (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)).

Under Rule 9(b), however, a party alleging fraud or intentional misrepresentation must satisfy a heightened pleading standard by stating with particularity the circumstances constituting fraud. Fed. R. Civ. P. 9(b). Specifically, "[a]verments of fraud must be accompanied by 'the who, what, when, where, and how' of the misconduct charged."

1   Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1106 (9th Cir. 2003)

2   (quoting Cooper v. Pickett, 137 F.3d 616, 627 (9th Cir. 1997)).

3   Further, "a plaintiff must set forth more than the neutral facts

4   necessary to identify the transaction.  The plaintiff must set

5   forth what is false or misleading about a statement, and why it

6   is false."  Id. (quoting Decker v. GlenFed, Inc., 42 F.3d 1541,

7   1548 (9th Cir. 1994).

8        A court granting a motion to dismiss a complaint must then

9   decide whether to grant a leave to amend.  Leave to amend should

10  be "freely given" where there is no "undue delay, bad faith or

11  dilatory motive on the part of the movant,...undue prejudice to

12  the opposing party by virtue of allowance of the amendment, [or]

13  futility of the amendment...."  Foman v. Davis, 371 U.S. 178, 182

14  (1962); Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048,

15  1052 (9th Cir. 2003) (listing the Foman factors as those to be

16  considered when deciding whether to grant leave to amend).

17  Dismissal without leave to amend is proper only if it is clear

18  that "the complaint could not be saved by any amendment."  Intri-

19  Plex Techs., Inc. v. Crest Group, Inc., 499 F.3d 1048, 1056 (9th

20  Cir. 2007) (internal citations and quotations omitted).

21  ///

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

6

**ANALYSIS**

**A.   Defendants' Motion to Dismiss Plaintiff's First Cause of Action for Deceit.**

Plaintiff contends in his first cause of action that Defendants BofA and BAC fraudulently induced him to fall behind in making his mortgage payments "because they wanted Plaintiff to become seriously delinquent on his mortgage so that Plaintiff could not retain his home through bankruptcy protection and because Defendants wanted to receive...money from the federal government for managing the 'troubled asset.'"  Complaint, ¶ 66.[5] "The elements of fraud, which gives rise to the tort action for deceit, are (a) misrepresentation (false representation, concealment, or nondisclosure); (b) knowledge of falsity (or 'scienter'); (c) intent to defraud, _i.e._, to induce reliance; (d) justifiable reliance; and (e) resulting damage."  Lazar v. Superior Court, 12 Cal. 4th 631, 638 (1996) (internal quotations and citations omitted).  This cause of action must be pled with the particularity required by Rule 9(b), meaning Plaintiff is required to plead "the 'who, what, when, where, and how' of the misconduct charged."  Vess, 317 F.3d at 1106.  Plaintiff has wholly failed to do so here.

///

///

_____

[5] The Court is cognizant that Plaintiff vacillates throughout the Complaint between alleging BofA advised him he must be "seriously delinquent" or just "delinquent" in his payments.  Compare Complaint, ¶ 66, with id., ¶ 48.  This distinction makes no difference in the Court's disposition of any aspect of Defendants' Motion.

1    First, the only allegations Plaintiff has pled with any

2 detail are those as to the statements made on some undisclosed

3 date by some unnamed BofA representative indicating that

4 Plaintiff "would qualify" for a modification if he became

5 delinquent in making his mortgage payments.  Not only are these

6 allegations lacking the requisite particularity under Rule 9(b),

7 there is also no indication in the Complaint that these

8 statements were false.  Indeed, the Complaint makes clear that

9 Plaintiff would not qualify for a modification if his payments

10 were timely and that to even be considered for a modification his

11 payments needed to be in arrears.  Plaintiff's further assertions

12 that someone at BofA told him he "would receive" a modification

13 so that Defendants could capitalize on available government

14 funding is even more sparsely pled.  Accordingly, given the lack

15 of particularity supporting Plaintiff's allegations of fraud,

16 Defendants' Motion to Dismiss Plaintiff's first cause of action

17 is GRANTED with leave to amend.

18

19    **B.    Defendants' Motion to Dismiss Plaintiff's Second Cause
           of Action for Promissory Estoppel.**

20

21    Plaintiff's second cause of action for promissory estoppel

22 is based on the premise that Defendants promised him a loan

23 modification and that he relied on this promise to his detriment.

24 To properly allege a cause of action for promissory estoppel,

25 Plaintiff must adequately plead:

26 ///

27 ///

28 ///

1   "(1) a promise that is clear and unambiguous in its terms;

2   (2) reliance by the party to whom the promise is made; (3) the

3   reliance must be reasonable and foreseeable; and (4) the party

4   asserting the estoppel must be injured by his or her reliance."

5   Boon Rawd Trading Intern. Co., Ltd. v. Paleewong Trading Co.,

6   Inc., 688 F. Supp. 2d 940, 953 (N.D. Cal. 2010).  As pled,

7   Plaintiff's instant claim is flawed for multiple reasons, though

8   the Court need address only one here.  More specifically,

9   Plaintiff's only allegation that he "would receive" some sort of

10  modification is connected to the requirement that Plaintiff

11  become "seriously delinquent" or "delinquent" in making his

12  mortgage payments.  These vague delinquency requirements render

13  any purported modification promise neither clear nor unambiguous.

14  Moreover, Plaintiff alleges no facts as to who promised Plaintiff

15  a modification and when such a promise was made.  Plaintiff's

16  promissory estoppel claim thus fails at the threshold requirement

17  that a clear and unambiguous promise be alleged.  See Melegrito

18  v. CitiMortgage Inc., 2011 WL 2197534, *13 (N.D. Cal.)

19  (allegations that some unspecified individual agreed to modify a

20  plaintiff's loan on unspecified terms at an unspecified point in

21  the future insufficient to state a cause of action for promissory

22  estoppel); see also Dooms v. Federal Home Loan Mortg. Corp.,

23  2011 WL 1232989, *10 (E.D. Cal.).  Accordingly, Defendants'

24  Motion to Dismiss Plaintiff's second cause of action is GRANTED

25  with leave to amend.

26  ///

27  ///

28  ///

1    **C.   Defendants' Motion to Dismiss Plaintiff's Third Cause
2         of Action for Wrongful Foreclosure.**

3         Defendants move to dismiss Plaintiff's third cause of action
4    for wrongful foreclosure on the basis that, among other things,
5    Plaintiff failed to allege an unconditional offer to tender the
6    amount of the secured indebtedness.  "A valid and viable tender
7    of payment of the indebtedness owing is essential to an action to
8    cancel a voidable sale under a deed of trust."  Karlsen v. Am.
9    Sav. & Loan Ass'n, 15 Cal. App. 3d 112, 117 (1971).  A plaintiff
10   must "tender the obligation in full as a prerequisite to
11   challenge of the foreclosure sale."  U.S. Cold Storage v. Great
12   W. Sav. & Loan Ass'n, 165 Cal. App. 3d 1214, 1222 (1985).
13   Indeed, "[i]t would be futile to set aside a foreclosure sale on
14   [] technical ground[s], if the party making the challenge did not
15   first make full tender and thereby establish his ability to
16   purchase the property."  Id. at 1225.  "For an offer of tender to
17   be valid, it must be unconditional."  Christopher v. First
18   Franklin Financial Corp., 2010 WL 3895351, *3 (S.D. Cal.) (citing
19   Karlsen, 15 Cal. App. 3d at 118-20).  Given the conditional
20   manner in which Plaintiff has attempted to plead his ability to
21   tender, Defendant's Motion is now GRANTED with leave to amend.

22        More specifically, Plaintiff alleges in the Complaint that
23   he "unconditionally offers to tender to the extent required by
24   law any amount due and owing after offset for damages for
25   wrongful foreclosure on the Subject Property, to the true
26   beneficiary under the deed of trust or holder of the note in due
27   course."  Complaint, ¶ 97.
28   ///

1   That "unconditional" promise is actually conditioned on a variety

2   of speculative findings as to who Plaintiff believes is owed his

3   payments and what damages Plaintiff believes he has sustained to

4   offset the amount owed.  That offer is thus insufficient to

5   survive the instant Motion.[6]  See Christopher, 2010 WL 3895351

6   (concluding that plaintiffs' allegation that they are "willing

7   and able to tender any amounts to the real and true owners of the

8   original promissory note upon proof that the note is in the

9   lawful possession of the true...owners and upon any credits paid

10  by insurance in the event of a default" was insufficient to

11  unconditionally allege a tender offer); see also Halajian v. Ndex

12  West, L.L.C., 2012 WL 1969131, *6-7 (E.D. Cal.); McFadden v.

13  Deutsche Bank Nat. Trust Co., 2011 WL 3606797, *14 (E.D. Cal.).

14  Defendant's Motion to Dismiss Plaintiff's third cause of action

15  is thus GRANTED with leave to amend.

16

17          **D.   Defendants' Motion to Dismiss Plaintiff's Fourth Cause
                   of Action for Violation of California's UCL.**

18

19       Finally, Plaintiff failed to state a claim for violation of

20  California's UCL as well.  The UCL makes actionable "any

21  unlawful, unfair or fraudulent business act."  Cal. Bus & Prof.

22  Code § 17200.  "An act can be alleged to violate any or all of

23  the three prongs of the UCL-unlawful, unfair, or fraudulent."

24  ///

25

26       [6] In his Opposition, Plaintiff makes a variety of arguments
    as to why tender should be excused in his case.  Opp'n,
27  10:22-11:22.  None of these theories are supported by the facts
    as alleged in the Complaint.  Accordingly, Plaintiff's attempts
28  to evade the tender requirement are rejected.

1   <u>Berryman v. Merit Prop. Mgmt., Inc.</u>, 152 Cal. App. 4th 1544, 1554

2   (2007).  Causes of action arising out of the "unlawful" prong

3   "borrow[] violations of other laws and treat[] them as unlawful

4   practices that the unfair competition law makes independently

5   actionable."  <u>Cal-Tech Communications, Inc. v. Los Angeles</u>

6   <u>Cellular Tel. Co.</u>, 20 Cal. 4th 163, 180 (1999).  "A UCL claim

7   predicated on unfair business practices may be grounded upon a

8   violation of a statute or be a standalone claim based on an

9   alleged act that violates established public policy or if it is

10   immoral, unethical, oppressive, or unscrupulous and causes injury

11   to consumers which outweighs its benefits."  <u>Hovsepian v. Apple,</u>

12   <u>Inc.</u>, 2009 WL 5069144, *4 (N.D. Cal.) (internal citations and

13   quotations omitted).  "A claim based upon the fraud prong may be

14   brought based upon conduct akin to common-law fraud or an alleged

15   course of conduct that is likely to deceive the public."  <u>Id.</u>

16        To the extent Plaintiff's UCL claim is based on Defendants'

17   purportedly unlawful or fraudulent acts, it is entirely

18   derivative of Plaintiff's above causes of action and thus fails

19   for those reasons already stated.  Plaintiff nonetheless also

20   argues in Opposition that he has stated a claim under the UCL's

21   "unfair" prong because "Defendants deceived Plaintiff, like so

22   many others, by promising them that they would receive help with

23   their mortgages, including receiving a loan modification, if they

24   became delinquent."  Opp'n, 12:25-27.

25   ///

26   ///

27   ///

28   ///

1  Even assuming this argument is not encompassed within Plaintiff's

2  above causes of action, which it is, none of Plaintiff's

3  allegations are sufficient to point this Court to any "alleged

4  act that violates established public policy" or that "is immoral,

5  unethical, oppressive, or unscrupulous and causes injury to

6  consumers which outweighs its benefits." Hovsepian, 2009 WL

7  5069144, *4 (internal citations and quotations omitted); see also

8  Sosa v. Bank of New York Mellon Trust, 2012 WL 2568188, *3 (N.D.

9  Cal.).  Moreover, even if some of Plaintiff's allegations are

10  construed as supporting a violation of the UCL's unfairness

11  prong, none of those facts has been pled with nearly the

12  requisite particularity.  See Kearns v. Ford Motor Co., 567 F.3d

13  1120, 1124-25 (9th Cir. 2009) (applying Rule 9(b) to CLRA and UCL

14  claims predicated on alleged misrepresentations).  No other bases

15  for liability under the UCL have been alleged or argued by

16  Plaintiff.  As such, Defendants' Motion to Dismiss Plaintiff's

17  fourth cause of action is GRANTED with leave to amend.

18

19                            **CONCLUSION**

20

21      For the reasons stated above, Defendants' Motion to Dismiss

22  is GRANTED with leave to amend.  Not later than twenty (20) days

23  following the date this Memorandum and Order is electronically

24  filed, Plaintiff may (but is not required to) file an amended

25  complaint.

26  ///

27  ///

28  ///

13

If no amended complaint is filed within said twenty (20)-day
period, without further notice to the parties, the causes of
action dismissed by virtue of this Memorandum and Order will be
dismissed with prejudice.

IT IS SO ORDERED.

Dated: July 13, 2012

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE

14