1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                    EASTERN DISTRICT OF CALIFORNIA

10

11  JACK E. WHATLEY                    No. 2:11-cv-02901-MCE-GGH

12          Plaintiff,

13      v.                            <u>MEMORANDUM AND ORDER</u>

14  BANK OF AMERICA, N.A.,
    et al.,
15
            Defendants.
16

17                       ----oo0oo----

18

19      Plaintiff Jack E. Whatley ("Plaintiff") initiated this

20  action seeking damages and injunctive relief against Defendants

21  Bank of America, N.A. ("BofA"), BAC Home Loans Servicing, LP

22  ("BAC"), U.S. Bank National Association, as Trustee for the

23  benefit of Harborview 2005-2 Trust Fund, and Mortgage Electronic

24  Registration Systems, Inc., (collectively "Defendants") as a

25  result of Defendants' conduct arising out of a loan issued to

26  Plaintiff in connection with the purchase of his residence.

27  Presently before the Court is Defendants' Motion to Dismiss

28  Plaintiff's First Amended Complaint. (ECF No. 25.)

                             1

1  For the reasons set forth below, Defendants' Motion to Dismiss is
2  GRANTED without leave to amend.[1]

3

4                           **BACKGROUND**[2]

5

6       In approximately February of 2005, Plaintiff obtained a
7  $560,000 loan to purchase a piece of residential property.
8  Defendants' Request for Judicial Notice ("RJN"), Exh. 1.[3]
9  Plaintiff executed a promissory note and Deed of Trust in
10 connection with that loan.  (Id., Exhs. 1, 2.)  Defendants BofA
11 and BAC were, at all relevant times, the loan servicers.

12      Plaintiff alleges that, a few years after origination of the
13 loan, in approximately January of 2009, he contacted BofA by
14 telephone via the entity's customer service number and that the
15 BofA representative with whom he spoke indicated Plaintiff "was
16 not far enough behind [on his mortgage payments] to qualify for a
17 loan modification."  (FAC ¶ 20.)  That representative purportedly
18 advised Plaintiff that once he was far enough behind on his
19 payments, he would qualify.  (Id.)
20 ///
21 ///

22

23      [1] Because oral argument will not be of material assistance,
   the Court ordered this matter submitted on the briefing.  E.D.
24 Cal. Local Rule 230(g).

25      [2] Unless otherwise stated, the following facts are derived,
   at times verbatim, from Plaintiff's First Amended Complaint
26 ("FAC"), filed August 1, 2012.  (ECF No. 24.)

27      [3] The Court previously granted Defendant's Request for
   Judicial Notice pursuant to Federal Rule of Evidence 201(b).
28 (See ECF No. 17; ECF No. 23, at 2 n.3.)

                                 2

1   According to Plaintiff, he was also told by someone "that he

2   would receive a modification if he became seriously delinquent

3   and that BofA would give him a modification" because BofA would

4   then receive related subsidies from the government.  (Id. ¶ 50.)

5   As a result, Plaintiff stopped making his mortgage payments.

6   (Id. ¶ 51.)

7       Over the next nine months, BofA repeatedly advised Plaintiff

8   that he was not far enough behind on his mortgage payments to

9   apply for a loan modification.  (Id. ¶ 21.)  Plaintiff was

10  further advised that he should continue calling back to inquire

11  as to whether he was sufficiently behind in making his payments

12  so that he could apply for the sought-after modification.  (Id.

13  ¶ 24.)  Eventually, Plaintiff received a letter from BofA stating

14  he was pre-approved for a modification pursuant to the Home

15  Affordable Modification Program ("HAMP").  (Id. ¶ 25.)  Plaintiff

16  thereafter submitted and re-submitted multiple application

17  packages and requested documents.  (Id. ¶ 29.)  Plaintiff was

18  subsequently advised his modification was being processed, but,

19  ultimately, he was notified that his application had been closed

20  and his property was going to be sold at a trustee's sale.  (Id.

21  ¶¶ 28, 46.)

22      Plaintiff initiated this lawsuit in Sacramento County

23  Superior Court.  (Notice of Removal, ECF No. 1.)  Defendants

24  thereafter removed the action to this Court based on the Court's

25  diversity jurisdiction.  (Id.)  Subsequently, Defendants filed a

26  Motion to Dismiss Plaintiff's Complaint, which the Court granted

27  with leave to amend.  (ECF No. 23.)

28  ///

                                    3

Plaintiff then filed his FAC on August 1, 2012, alleging the
following state-law causes of action: 1) Deceit; 2) Promissory
Estoppel; 3) Wrongful Foreclosure; and 4) Violation of
California's Unfair Competition Law, Business and Professions
Code §§ 17200, et seq. ("UCL").  (ECF No. 24.)

**STANDARD**

On a motion to dismiss for failure to state a claim under
Federal Rule of Civil Procedure 12(b)(6),[4] all allegations of
material fact must be accepted as true and construed in the light
most favorable to the nonmoving party.  Cahill v. Liberty Mut.
Ins. Co., 80 F.3d 336, 337-38 (9th Cir. 1996).  Rule 8(a)(2)
"requires only 'a short and plain statement of the claim showing
that the pleader is entitled to relief,' in order to 'give the
defendant fair notice of what the . . . claim is and the grounds
upon which it rests.'"  Bell. Atl. Corp. v. Twombly, 550 U.S.
544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47
(1957)).  A complaint attacked by a Rule 12(b)(6) motion to
dismiss does not require detailed factual allegations.  Id.
However, "a plaintiff's obligation to provide the grounds of his
entitlement to relief requires more than labels and conclusions,
and a formulaic recitation of the elements of a cause of action
will not do."  Id.  (internal citations and quotations omitted).
A court is not required to accept as true a "legal conclusion
couched as a factual allegation."

---

[4] All further references to "Rule" or "Rules" are to the
Federal Rules of Civil Procedure unless otherwise noted.

Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 555).

The Court also is not required "to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." In re Gilead Sciences Sec. Litig., 536 F.3d 1049, 1055 (9th Cir. 2008) (internal citations and quotations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555.

Furthermore, "Rule 8(a)(2) . . . requires a 'showing,' rather than a blanket assertion, of entitlement to relief." Twombly, 550 U.S. at 556 n.3 (internal citations and quotations omitted). "Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirements of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests." Id. (citation omitted). A pleading must contain "only enough facts to state a claim to relief that is plausible on its face." Id. at 570. If the "plaintiffs . . . have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." Id. However, "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'" Id. at 556 (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)).

///
///
///

1    Under Rule 9(b), however, a party alleging fraud or

2  intentional misrepresentation must satisfy a heightened pleading

3  standard by stating with particularity the circumstances

4  constituting fraud.  Specifically, "[a]verments of fraud must be

5  accompanied by 'the who, what, when, where, and how' of the

6  misconduct charged." <u>Vess v. Ciba-Geigy Corp. USA</u>, 317 F.3d

7  1097, 1106 (9th Cir. 2003) (quoting <u>Cooper v. Pickett</u>, 137 F.3d

8  616, 627 (9th Cir. 1997)).  Further, "a plaintiff must set forth

9  more than the neutral facts necessary to identify the

10 transaction.  The plaintiff must set forth what is false or

11 misleading about a statement, and why it is false." <u>Id.</u> (quoting

12 <u>Decker v. GlenFed, Inc.</u>, 42 F.3d 1541, 1548 (9th Cir. 1994).

13   A court granting a motion to dismiss a complaint must then

14 decide whether to grant a leave to amend.  Leave to amend should

15 be "freely given" where there is no "undue delay, bad faith or

16 dilatory motive on the part of the movant, . . . undue prejudice

17 to the opposing party by virtue of allowance of the amendment,

18 [or] futility of the amendment . . . ." <u>Foman v. Davis</u>, 371 U.S.

19 178, 182 (1962); <u>Eminence Capital, LLC v. Aspeon, Inc.</u>, 316 F.3d

20 1048, 1052 (9th Cir. 2003) (listing the <u>Foman</u> factors as those to

21 be considered when deciding whether to grant leave to amend).

22 However, dismissal without leave to amend is proper if it is

23 clear that "the complaint could not be saved by any amendment."

24 <u>Intri-Plex Techs., Inc. v. Crest Group, Inc.</u>, 499 F.3d 1048, 1056

25 (9th Cir. 2007) (internal citations and quotations omitted).

26 ///

27 ///

28 ///

6

**ANALYSIS**

**I.   Plaintiff's Deceit Claim.**

Plaintiff's first cause of action alleges that Defendants BofA and BAC fraudulently induced Plaintiff to fall behind in making his mortgage payments by repeatedly making false statements about Defendant's eligibility for a loan modification. (FAC ¶¶ 55-64.) "The elements of fraud, which gives rise to the tort action for deceit, are (a) misrepresentation (false representation, concealment, or nondisclosure); (b) knowledge of falsity (or 'scienter'); (c) intent to defraud, <u>i.e.</u>, to induce reliance; (d) justifiable reliance; and (e) resulting damage." <u>Lazar v. Superior Court</u>, 12 Cal. 4th 631, 638 (1996). "Although the court looks to state law to determine if the elements of fraud have been properly pleaded, a plaintiff must still meet the federal standard to plead fraud with particularity." <u>Sato v. Wachovia Mortg., FSB</u>, 2011 WL 2784567, at *9 (N.D. Cal. July 13, 2011). Thus, this cause of action must be pled with the specificity required by Rule 9(b), meaning a plaintiff is required to plead "the 'who, what, when, where, and how' of the misconduct charged." <u>Vess</u>, 317 F.3d at 1106. Furthermore, a plaintiff is obligated to allege "what was false or misleading" about the defendant's statements and "why it was false." <u>Lyons v. Bank of Am., NA</u>, 2011 WL 3607608, at *7 (N.D. Cal. Aug. 15, 2011).

///

///

1    Here, Plaintiff bases his fraud claim on Defendant's several

2  alleged misrepresentations.[5]  While Plaintiff reworded and

3  restructured the allegations contained in his initial complaint,

4  the FAC offers essentially the same arguments that the Court

5  previously rejected as insufficient to state a viable fraud

6  claim.  (See ECF No. 23, at 8.)  In particular, Plaintiff again

7  alleges that he "was informed by a representative of Defendant

8  that he would be approved for a loan modification only if he

9  became sufficiently delinquent on his monthly mortgage payments."

10  (FAC ¶ 57.)  However, Plaintiff's FAC is devoid of any details

11  regarding essential provisions of Defendants' alleged promise,

12  such as the delinquency requirements and the terms of the

13  promised modification.  Thus, Plaintiff's FAC "lacks precise

14  allegations as to what the moving defendants . . . allegedly

15  promised or represented" and "lacks facts to support fraud

16  elements."  See Dooms v. Fed. Home Loan Mortg. Corp., 2011 WL

17  1303272, *12 (E.D. Cal. Mar. 31, 2011).  Additionally, Plaintiff

18  again fails to demonstrate that the statement itself was false.

19  In fact, it seems reasonable for Defendants to require

20  delinquency before modifying a loan.

21  ///

22

23    [5] Plaintiff alleges that Defendants made the following false
statements: (1) "[Plaintiff] would be approved for a loan
24  modification only if he became sufficiently delinquent on his
monthly mortgage payments"; (2)"[Plaintiff] was conditionally
25  approved for a HAMP modification with a principal reduction";
(3) "[Plaintiff] was eligible for a HAMP modification";
26  (4) "[Plaintiff's] application for a loan modification was still
in review and that he would be not be [sic] foreclosed upon
27  during the review period"; (5) "[Plaintiff] failed to provide all
documents that had been requested and was being denied a HAMP
28  modification as a consequence."  (FAC ¶¶ 57-62.)

1   Finally, Plaintiff is unable to "identify how [Defendants']
2   representation is fraudulent."  See Mays v. U.S. Bank Nat. Ass.,
3   2010 WL 318537, *8 (E.D. Cal. Jan. 20, 2010).

4        Plaintiff's allegations concerning Defendants' remaining
5   statements fair no better.  Plaintiff again fails to specify what
6   specific promises Defendants made and provides no facts
7   demonstrating that Defendants acted with the intent to deceive
8   Plaintiff.  Rather than providing supporting details and
9   information, Plaintiff's FAC "relies on mere notions of false
10  advice and promises regarding foreclosure and loan modification
11  and defrauding [Plaintiff] of [his] property."  See  Dooms,
12  2011 WL 1303272, at *12.

13       Therefore, Defendants' Motion to Dismiss Plaintiff's first
14  cause of action is GRANTED.

15

16  **II.  Plaintiff's Promissory Estoppel Claim.**

17

18       Plaintiff's second cause of action for promissory estoppel
19  is based on the premise that Defendants promised Plaintiff a loan
20  modification, and that he relied on this promise to his
21  detriment. (FAC ¶¶ 65-95.)  To properly allege a cause of action
22  for promissory estoppel under California law, Plaintiff must
23  adequately plead: "(1) a promise that is clear and unambiguous in
24  its terms; (2) reliance by the party to whom the promise is made;
25  (3) the reliance must be reasonable and foreseeable; and (4) the
26  party asserting the estoppel must be injured by his or her
27  reliance."
28  ///

9

Boon Rawd Trading Intern. Co., Ltd. v. Paleewong Trading Co., Inc., 688 F. Supp. 2d 940, 953 (N.D. Cal. 2010) (citation omitted).  Furthermore, "[e]stoppel cannot be established from . . . preliminary discussions and negotiations."  Nat'l Dollar Stores v. Wagnon, 97 Cal. App. 2d 915, 919 (1950).

In this case, Plaintiff fails to "plead a clear and unambiguous promise, as Plaintiff's contentions are themselves unclear and ambiguous."  See Penny v. NDeX West LLC, 2012 WL 589639, at *5 (C.D. Cal. Feb. 22, 2012).  Plaintiff claims that Defendants' representatives promised "that he would receive a HAMP modification" if his mortgage payments became "sufficiently delinquent."  (FAC ¶¶ 67, 94.)  However, Plaintiff offers no details regarding the extent of the "promised" loan modification or exactly how delinquent he would need to be in order to receive the modification.  Consequently, Plaintiff's vague statements in the FAC fail to provide any insight into the scope and conditions of Defendants' alleged promise.  Plaintiff's general allegations that some unspecified individual at the Defendant mortgage company agreed to modify Plaintiff's loan on unspecified terms at an unspecified point in the future are insufficient to state a viable promissory estoppel claim.  See Melegrito v. CitiMortgage Inc., 2011 WL 2197534, at *13 (N.D. Cal. June 06, 2011).  Because the parties failed to discuss even the most essential terms of the alleged loan modification, Defendants' promise of such a modification is "too indefinite to be enforced."  See Kassahun v. JPMorgan Chase Nat. Corporate Services, Inc., 2012 WL 1378659, at *3 (C.D. Cal. Apr. 19, 2012).  Accordingly, Defendants' Motion to Dismiss Plaintiff's second cause of action is GRANTED.

10

1      **C.   Plaintiff's Wrongful Foreclosure Claim.**

2

3           Defendants move to dismiss Plaintiff's third cause of action
4      for wrongful foreclosure on the basis that, among other things,
5      Plaintiff failed to allege an unconditional offer to tender the
6      amount of the secured indebtedness.  (ECF No. 25 at 12-13.)
7      "Under California law, the 'tender rule' requires that as a
8      precondition to challenging a foreclosure sale, or any cause of
9      action implicitly integrated to the sale, the borrower must make
10     a valid and viable tender of payment of the secured debt."
11     Montoya v. Countrywide Bank, F.S.B., 2009 WL 1813973, at *11
12     (N.D. Cal. June 25, 2009) (citations omitted).  Thus, "[a] valid
13     and viable tender of payment of the indebtedness owing is
14     essential to an action to cancel a voidable sale under a deed of
15     trust."  Karlsen v. Am. Sav. & Loan Ass'n, 15 Cal. App. 3d 112,
16     117 (1971).

17          Moreover, a plaintiff must "tender the obligation in full as
18     a prerequisite to challenge of the foreclosure sale."  U.S. Cold
19     Storage v. Great W. Sav. & Loan Ass'n, 165 Cal. App. 3d 1214,
20     1222 (1985).  Indeed, "[i]t would be futile to set aside a
21     foreclosure sale on . . . technical ground[s], if the party
22     making the challenge did not first make full tender and thereby
23     establish his ability to purchase the property."  Id. at 1225.
24     "The rules which govern tender are strict and are strictly
25     applied."  Gaffney v. Downey Sav. & Loan Ass'n, 200 Cal. App. 3d
26     1154, 1165 (1988).  Moreover, "[f]or an offer of tender to be
27     valid, it must be unconditional."
28     ///

1  Christopher v. First Franklin Fin. Corp., 2010 WL 3895351, at *3

2  (S.D. Cal. Sept. 29, 2010) (citing Karlsen, 15 Cal. App. 3d at

3  118-20).

4       In his FAC, Plaintiff "unconditionally offers to tender to

5  the extent required by law any amount due and owing after offset

6  for damages for wrongful foreclosure on the Subject Property, to

7  the true beneficiary under the deed of trust or holder of the

8  note in due course." (FAC ¶ 115.)  This tender offer is

9  identical to Plaintiff's previous tender offer, which this Court

10 rejected by its July 13, 2012, Order. (See ECF No. 1 Ex. 1, at

11 17; ECF No. 23 at 11-12.)  The Court specifically explained that,

12 as pled, Plaintiff's tender offer was conditioned on a variety of

13 speculative findings and thus was insufficient to survive

14 Defendants' motion to dismiss. (ECF No. 23 at 11.)  Here,

15 Plaintiff again makes his tender offer conditional on the Court's

16 findings as to who Plaintiff believes is owed his payments and

17 what damages Plaintiff believes he has sustained to offset the

18 amount owed.  Because Plaintiff has failed to make an

19 unconditional tender offer, his wrongful foreclosure claim

20 fails.[6]

21 ///

22 ///

23 ///

24 ///

25

26       [6] In his Opposition, Plaintiff again makes a variety of
   arguments as to why tender should be excused in his case. (ECF
27 No. 26 at 10-12.)  Plaintiff's arguments are nearly identical to
   those that the Court rejected in its July 13, 2012, Order. (See
28 ECF No. 23 at 10-11.) Accordingly, Plaintiff's attempts to evade
   the tender requirement are once again rejected.

1    See Christopher, 2010 WL 3895351, at *3 (concluding that the

2    plaintiffs failed to allege unconditional tender where

3    plaintiffs' alleged that they were "willing and able to tender

4    any amounts to the real and true owners of the original

5    promissory note upon proof that the note is in the lawful

6    possession of the true . . . owners and upon any credits paid by

7    insurance in the event of a default"); see also Halajian v. Ndex

8    West, L.L.C., 2012 WL 1969131, at *6-7 (E.D. Cal. May 31, 2012);

9    McFadden v. Deutsche Bank Nat. Trust Co., 2011 WL 3606797, at *14

10   (E.D. Cal. Aug. 16, 2011).  Thus, Defendants' Motion to Dismiss

11   Plaintiff's third cause of action is GRANTED.

12

13        **D.   Plaintiff's UCL Claim.**

14

15        Plaintiff's fourth cause of action alleges that Defendants'

16   unlawful, unfair, and fraudulent business practices violated

17   California's UCL.  (FAC ¶¶ 116-122.)  The UCL makes actionable

18   "any unlawful, unfair or fraudulent business act."  Cal. Bus &

19   Prof. Code § 17200.  "An act can be alleged to violate any or all

20   of the three prongs of the UCL-unlawful, unfair, or fraudulent."

21   Berryman v. Merit Prop. Mgmt., Inc., 152 Cal. App. 4th 1544, 1554

22   (2007).  Causes of action arising out of the "unlawful" prong

23   "borrow[] violations of other laws and treat[] them as unlawful

24   practices that the unfair competition law makes independently

25   actionable."  Cal-Tech Communications, Inc. v. Los Angeles

26   Cellular Tel. Co., 20 Cal. 4th 163, 180 (1999).

27   ///

28   ///

1   "A UCL claim predicated on unfair business practices may be

2   grounded upon a violation of a statute or be a 'standalone' claim

3   based on an alleged act that 'violates established public policy

4   or if it is immoral, unethical, oppressive, or unscrupulous and

5   causes injury to consumers which outweighs its benefits.'"

6   Hovsepian v. Apple, Inc., 2009 WL 5069144, at *4 (N.D. Cal. Dec.

7   17, 2009) (internal citations omitted).   "A claim based upon the

8   fraud prong may be brought based upon conduct akin to common-law

9   fraud or an alleged course of conduct that is likely to deceive

10  the public."   Id.   Additionally, because a UCL cause of action

11  "requires an underlying violation of law, a defense to the

12  predicate claim is a defense to the alleged violation of the UCL

13  claim."   Hutson v. Am. Home Mortg. Servicing, Inc., 2009 WL

14  3353312, at *15 (N.D. Cal. Oct. 16, 2009).

15      Plaintiff claims that Defendants breached all three of the

16  UCL's prongs.   (FAC ¶¶ 117-21.)   However, Plaintiff's UCL cause

17  of action does not provide additional details or allegations

18  supporting the claim.   As a result, Plaintiff implicitly premises

19  his UCL claim on the FAC's other three causes of action.   When a

20  plaintiff's UCL cause of action is derivative of other claims,

21  "[w]here those claims are deficient, Plaintiff's UCL [cause of

22  action] must also fail."   Beall v. Quality Loan Serv. Corp.,

23  2011 WL 1044148, at *5 (S.D. Cal. Mar. 21, 2011).   Here, the

24  Court has already stated various reasons for dismissing

25  Plaintiff's other causes of action, and, consequently,

26  Plaintiff's UCL claim fails because it suffers from the same

27  deficiencies.

28  ///

1    In his Opposition, Plaintiff contends that Defendants
2  engaged in fraudulent and unfair practices when "Defendants
3  deceived Plaintiff, like so many others, by promising them that
4  they would receive help with their mortgages, including receiving
5  a loan modification, if they became delinquent." (ECF No. 26, at
6  13.)  The Court's prior Order explained that this argument fails
7  both because it stems from Plaintiff's other three causes of
8  action and because Plaintiff does not provide the requisite
9  particularity.  (ECF No. 23 at 13.)  Instead of rectifying the
10 highlighted deficiencies, Plaintiff simply repeats his previous
11 arguments, nearly word-for-word.  Thus, Plaintiff again fails to
12 provide sufficient "facts supporting the statutory elements of
13 the [UCL] violation," see Khoury v. Maly's of Cal., Inc.,
14 14 Cal. App. 4th 612, 619 (1993), and does not adequately
15 identify Defendants' immoral or unethical act or the public
16 policy that Defendants violated.  See McDonald v. Coldwell
17 Banker, 543 F.3d 498, 506 (9th Cir. 2008).  Moreover, the FAC's
18 lack of details and information leaves Plaintiff unable to meet
19 Rule 9(b)'s pleading requirements for fraud claims.  See Sipe v.
20 Countrywide Bank, 690 F. Supp. 2d. 1141, 1158 (E.D. Cal. 2010).
21    Therefore, Defendants' Motion to Dismiss Plaintiff's fourth
22 cause of action is GRANTED.
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

**CONCLUSION**

As a matter of law, and for the reasons set forth above, Defendants' Motion to Dismiss is GRANTED.  The Court previously provided Plaintiff with the opportunity to rectify the deficiencies of his complaint.  However, Plaintiff's FAC fairs no better than Plaintiff's earlier pleading and fails to remedy the numerous deficiencies previously highlighted by the Court. Therefore, the Court finds that any further leave to amend would be futile and dismisses Plaintiff's FAC in its entirety WITHOUT LEAVE TO AMEND.  The Clerk of the Court is directed to close the file.

IT IS SO ORDERED.

Dated: November 21, 2012

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE